UNITED STATES of America, Appellee,

v.

Daniel R. ZIMMERMAN, a/k/a Bishop Zimmerman, a/k/a The Great Z, Appellant.

No. 86–2055.

United States Court of Appeals, Eighth Circuit.

Submitted March 9, 1987.

Decided April 14, 1987.

Gary L. Robinson, Cedar Rapids, Iowa, for appellant.

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, for appellee.

Before HEANEY and ARNOLD, Circuit Judges, and LARSON,[*] Senior District Judge.

PER CURIAM.

Daniel R. Zimmerman appeals the district court's judgment entered on a jury verdict convicting him of one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and of three counts of aiding in preparation and presentation of fraudulent tax returns in violation of 26 U.S.C. § 7206(2).

This case arises out of Zimmerman's involvement as a Bishop and Promoter for the Universal Life Church (ULC). An indictment returned against Zimmerman alleged that in connection with and in furtherance of the ULC's "mail order ministeries,"[1] Zimmerman advised and assisted persons in sham transactions, check kiting, and fund rotation schemes so that they could avoid paying taxes. More specifically, the government argued that such advice and assistance furthered schemes in which money was "donated" to the ULC in exchange for goods or services or in which "donations" remained in control of the "donor" and were used for the "donor's" ordinary living expenses. The government argued that charitable deductions taken as a result of such "donations" were in violation of the tax laws.

Zimmerman was convicted on all counts and on August 8, 1986, was sentenced to five years imprisonment and a $7,500 fine on the conspiracy count and three years imprisonment and a $5,000 fine on one of the remaining counts, to be served consecutive to the conspiracy sentence. He also received concurrent three year probation terms and $5,000 fines on the remaining two counts, to be served consecutive to the other counts. Thus, in total, Zimmerman was fined $22,500 and sentenced to eight years imprisonment followed by a three year probation term. Zimmerman appeals, arguing that the verdict of the jury is not supported by the evidence, that certain jury instructions were erroneous and prejudicial, that the district court erred in admitting certain tape recorded evidence, and that his motion for a mistrial should have been granted following cross-examination of him in which the prosecutor posed questions as to his knowledge of past cases in which other ULC members had been convicted of charges similar to those brought against him. We affirm.

### I. Insufficiency of the Evidence

Zimmerman contends that the evidence presented at trial was insufficient to support the jury verdict. He argues primarily

---

[*] The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. For a more complete description of common ULC activity and modus operandi, see *United States v. Gleason,* 766 F.2d 1239, 1241 (8th Cir. 1985).

that the government failed to prove the existence of another party possessing the requisite intent to commit a substantive offense with whom he conspired. We disagree.

■ The essence of a conspiracy is an agreement by two or more persons to commit a substantive offense coupled with an overt act in furtherance of the offense. The intent required to be proved is the intent necessary to the substantive offense. *See, e.g., United States v. Davis,* 583 F.2d 190, 192 (5th Cir.1978). In this case, Zimmerman was charged, pursuant to 18 U.S.C. § 371, with conspiracy to defraud the United States. Thus, the intent required was that necessary to defraud the United States, and not that necessary to commit tax evasion, as Zimmerman contends.

■ In our review, we must view the evidence in the light most favorable to the jury verdict and reverse only if a reasonable jury could not have found guilt beyond a reasonable doubt. *See Smalley v. United States,* 798 F.2d 1182, 1188 (8th Cir. 1986). In this light, we hold that there was ample evidence from which the jury could have found, beyond a reasonable doubt, that Zimmerman and others had the intent necessary to defraud the United States in its efforts to collect taxes. Thus, we find the evidence sufficient to support the conspiracy count.

■ As to the remaining counts, Zimmerman argues that there is insufficient evidence of intent of his co-participants to falsely present material to the I.R.S. to convict him of aiding such activities. Under the relevant statute, however, the intent of the co-participants is irrelevant. One may be guilty of aiding preparation of a false return "whether or not such falsity or fraud is with the knowledge or consent

of the person authorized or required to present such return, affidavit, claim, or document." 26 U.S.C. § 7206(2); *see also United States v. Siegel,* 472 F.Supp. 440, 444 (N.D.Ill.1979). Of course, the government had to prove that Zimmerman acted willfully in violation of the relevant statute. In light of the evidence in the record of the schemes to conceal the true nature of the transactions from the I.R.S., there is ample support for the jury's finding of Zimmerman's willfulness on the aiding counts.

## II. Jury Instructions

### A. *Single/Multiple Conspiracy*

■ Zimmerman contends that the district court erred in its instruction to the jury concerning single and multiple conspiracies and in failing to give a requested instruction on the same subject.[2] In essence, Zimmerman argues, using the analogy of a "wheel conspiracy," that even if he was, as the indictment alleged, the hub of an overall conspiracy, the government failed to prove the rim (an overall agreement) connecting the spokes (the other conspirators). In this manner, Zimmerman argues, he was prejudiced by the instruction given by the court which allowed the jury to convict him either under a single or multiple conspiracy theory. In addition, Zimmerman contends that the court's failure to specifically instruct the jury to compartmentalize evidence of separate conspiracies added to the prejudicial effect of the instruction. We disagree.

■ The question whether a single or multiple conspiracy exists is for the jury. *United States v. Wilson,* 497 F.2d 602, 604 (8th Cir.), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664 (1974). In deciding the issue, however, the jury need not find that every co-conspirator knew of ev-

---

**2.** Zimmerman also raises a related argument that the government's proof at trial of multiple conspiracies so varied from the proof of the single conspiracy alleged in the indictment that the resulting prejudice requires reversal as to Count I (the conspiracy count). Yet, even if there were only multiple conspiracies proved at trial, Zimmerman could not have been prejudiced because the evidence showed, and the jury

certainly could have concluded, that Zimmerman was a party to each conspiracy. *See United States v. Scott,* 511 F.2d 15, 19–20 (8th Cir.1975) (no prejudice in proof of multiple conspiracy where defendant was a member of each conspiracy); *United States v. Wilson,* 497 F.2d 602, 605 (8th Cir.1974), *cert. denied,* 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664 (1975) (same).

ery other co-conspirator to find one conspiracy. *See United States v. Massa*, 740 F.2d 629, 636 (8th Cir.1984), *cert. denied*, 471 U.S. 1115, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985). Rather, it is sufficient that the jury finds the co-conspirators were aware of the general nature and scope of the conspiracy and knowingly joined in the overall scheme. *See id.* at 636; *United States v. Lemm*, 680 F.2d 1193, 1204 (8th Cir.1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 960 (1983). In this case, the government presented evidence, and the jury could have concluded, that Zimmerman and others engaged in a common plan to frustrate collection of taxes by using ULC to legitimize sham transactions. The court's instruction in this regard both reflected the evidence presented at trial and cautioned the jury that in order to convict they must find that Zimmerman was a member of the conspiracy charged in the indictment and not a member of some other conspiracy not charged in the indictment. Thus, the court's instruction sufficiently cautioned against the "spillover" effects of multiple conspiracies and correctly allowed the jury to determine whether one or several conspiracies existed.

### B. *Willful Blindness*

Zimmerman also objects to jury instruction 20A, the so-called "willful blindness" instruction. In essence, the instruction allows the jury to impute knowledge to Zimmerman of what should be obvious to him, if it found, beyond a reasonable doubt, a conscious purpose to avoid enlightenment. Zimmerman contends that this instruction wrongfully allowed the jury to disbelieve selectively the testimony of certain government witnesses from whom the prosecutor had elicited testimony that, pursuant to plea agreements, they were testifying truthfully.

The challenged instruction, however, does not concern the credibility of witnesses. Rather, it concerns the knowledge that may be imputed to Zimmerman. Moreover, this Court has specifically approved the use of this instruction for purposes similar to those served by the instruction in this case. *See United States v. Massa*, 740 F.2d at 642–43. Thus, the district court did not err in including the willful blindness instruction.

### III. Admission of Tape Recorded Evidence

Zimmerman also objects to admission of a tape recording of a seminar he gave on the teachings of ULC on the grounds that its relevancy is outweighed by its prejudicial effects upon the jury.[3] *See Fed.R. Evid.* 403. More specifically, Zimmerman contends that remoteness of the time the tape was made (October, 1982) from the overt acts proved at trial (1979–80) renders its probative value minimal, in relation to its prejudicial effect.

The standard on appeal from an objection pursuant to Federal Rule of Evidence 403 is abuse of discretion. *Smalley v. United States*, 798 F.2d 1182, 1188 (8th Cir.1986). Relevant evidence is inherently prejudicial. *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979). The question upon which the district court is to exercise its discretion, however, is whether the probative value of the evidence is substantially outweighed by its unfairly prejudicial effects. *See id.* In this case, the government alleged that the conspiracy was from 1979 to 1986. Moreover, the district court stated that it did not believe the tape was too remote in time. Tr. at 766. Thus, we find no abuse of discretion in admitting the evidence.

### IV. Denial of Motion for a Mistrial

Zimmerman contends that the district court erred in denying his motion

---

**3.** Zimmerman also contends that the government did not adequately identify the voice on the tape as his prior to its admission. We note that Zimmerman did not raise this objection at the time the tape was admitted. *See* Fed.R. Evid. 103(a)(1). Moreover, Agent Klimes testi-

fied as to his opinion that the voice on the tape was Zimmerman's. *See* Fed.R.Evid. 901(b)(5). *United States v. McMillan*, 508 F.2d 101, 105 (8th Cir.1974) (to express opinion, identifier need only have previously heard the voice of the speaker).

for a mistrial following the prosecutor's cross-examination in which he attempted to question Zimmerman concerning his knowledge of another lawsuit the government had successfully brought against a ULC member in the San Francisco area. We disagree. The question was raised only after prior testimony that Zimmerman had stated the ULC had never lost a case but had later admitted the ULC had never won a case. Since much of the trial concerned whether Zimmerman actually believed the ULC's activities were legal, the prosecutor had a valid reason to inquire into any knowledge tending to show a lack of good faith. Moreover, the court's strong and immediate cautionary instruction and prohibition of further questioning along these lines rendered any prejudice suffered by Zimmerman harmless.

For the foregoing reasons, we affirm the appellant's convictions on all counts.