**UNITED STATES of America, Appellee,**

v.

**Kim Allen WILLIS, Appellant.**

**No. 90–5232.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1991.

Decided July 23, 1991.

Rehearing and Rehearing en banc Denied Sept. 11, 1991.

John R. Wylde, Minneapolis, Minn., for appellant.

Jon M. Hopeman, argued (Jerome G. Arnold, Jon M. Hopeman and Denise Reilly, on brief), Minneapolis, Minn., for appellee.

Before FAGG and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Kim Allen Willis and five others were tried on a thirty-two count indictment charging narcotics and firearms violations in connection with an alleged cocaine distribution conspiracy. Willis was charged with and convicted of two counts of the indictment. Count 2 charged Willis with aiding and abetting the attempted possession of twenty kilograms of cocaine with intent to distribute and Count 32 charged him with conspiracy to distribute five kilograms or more of cocaine from 1984 to 1989. He was sentenced to 188 months on each count, the sentences to run concurrently. Willis contends on appeal that the trial court erred in joining his trial with that of Ralph ("Plukey") Duke, the convicted leader of the conspiracy, and several others; in enhancing his offense level by two levels for obstruction of justice; and in denying him a two-level reduction for acceptance of responsibility. We affirm.

## I. Joinder

Willis argues that he should not have been tried with Duke and those who distributed drugs for Duke because the evidence against Duke and his distributors was complex and pervasive, and much of it involved conduct which did not pertain to Willis. Willis claims that evidence of the scope, magnitude, and duration of Duke's cocaine enterprise made it impossible for Willis, as a minor participant in the drug scene, to receive a fair trial in a proceeding in which Duke and his distributors were joined. Willis also contends that any involvement he had with Duke was part of a conspiracy separate from the one with which Duke and his distributors were charged.

■■■■ The Federal Rules of Criminal Procedure permit the joinder of defendants when "they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed.R. Crim.P. 8(b). The district court may grant a severance where it appears that joinder would prejudice the defendant. Fed.R. Crim.P. 14. The potential for prejudice depends primarily on the jury's ability to compartmentalize the evidence against each defendant. Judgments regarding the nature of the evidence and the jury's ability to compartmentalize it are committed to the discretion of the district court. *See United States v. Nevils,* 897 F.2d 300, 305 (8th Cir.), *cert. denied,* 111 S.Ct. 125 (1990).

■■■■ Here, the indictment on its face revealed a proper basis for joinder. Willis was charged as a participant in the attempted purchase of twenty kilograms of cocaine alleged in Count 2. The attempted purchase charged in Count 2 was among the overt acts in furtherance of the conspiracy alleged in Count 32.[1] Willis and Duke

---

**1.** Willis relies on *United States v. Whitehead,* 539 F.2d 1023 (3d Cir.1976), to support his view that joinder was impermissible. This reliance is misplaced. In *Whitehead,* the two defendants

thus were "alleged to have participated in the same act or transaction" constituting the offenses alleged in Counts 2 and 32. *See* Fed.R.Crim.P. 8(b).

■ There can be little doubt that the joint trial made it more difficult for Willis to defend himself. The evidence clearly revealed that Duke was a major drug dealer with a "far-flung" operation. But difficulty alone is not a reason to reject joinder. A showing of clear prejudice must be made. *United States v. Jackson,* 549 F.2d 517, 523 (8th Cir.), *cert. denied,* 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977).

■ We do not believe that the evidence at trial was so complex or muddled as to prevent the jury from separately considering the evidence against Willis. Count 2 charged that Willis aided and abetted the attempted purchase of twenty kilograms of cocaine by Ralph Nunn, who was acting on behalf of Duke. The evidence established that a green bag used to carry the money for the purchase belonged to Willis, that the shoe box in which the money was placed had Willis' fingerprints on it, and that Nunn had discussed the transaction with Willis on the day that it took place. Witnesses testified that Nunn and Willis "were hooked up together," that Willis made trips to Los Angeles with Nunn and others, that two kilograms of cocaine were present during one of the trips, and that Nunn and Willis had been seen packaging cocaine together.

On his own behalf, Willis testified that he had loaned the green bag to a friend months before the twenty kilogram transaction. He stated that although he had made the trips in question, he had been unaware of the presence of cocaine or large amounts of money. While Willis admitted that he sold marijuana and cocaine in small quantities, he claimed that these transactions were unrelated to the Duke conspiracy. We believe the jury was presented with sufficient discrete evidence of Willis' involvement in the charged of-

fenses to render a verdict against Willis uncontaminated by any "spill over" effect from evidence against the other defendants.

■ Willis bolsters his improper joinder argument with a claim that there was a variance between Count 32 of the indictment, which alleged a single conspiracy, and the evidence at trial, which Willis alleges supported the existence of multiple conspiracies. Whether the evidence supports a single conspiracy or multiple conspiracies is a question of fact for the jury. *United States v. Zimmerman,* 832 F.2d 454, 457 (8th Cir.1987).

■ The jury received an appropriate multiple conspiracy instruction and was told that it must find that Willis participated in the Duke conspiracy in order to convict Willis of the charge in Count 32. The jury found Willis guilty, accepting the government witnesses' testimony and rejecting that of Willis. The jury's guilty verdict was an implicit finding that the single conspiracy existed and that Willis knowingly participated in it. *See Zimmerman,* 832 F.2d at 458; *United States v. Champion,* 813 F.2d 1154, 1165–66 (11th Cir.1987).

The government thus charged and proved Willis' involvement in a single conspiracy with Duke and others. We find no prejudice to Willis and no abuse of discretion in the district court's refusal to sever Willis' trial from that of the other defendants.

## II. Obstruction of Justice and Acceptance of Responsibility

The district court fixed Willis' base offense level at 34 based on his involvement with fifteen to fifty kilograms of cocaine. The jury, by finding Willis guilty of Counts 2 and 32, determined that Willis' part in the

joined for trial had participated in similar offenses on different dates with a common third defendant, but no connection between the two defendants was shown. *Id.* at 1024. Additional-

ly, the two defendants were charged only with separate violations of 21 U.S.C. § 841(a)(1); no conspiracy was alleged. *Id.* at 1023.

conspiracy involved at least twenty-five kilograms of cocaine.[2]

The court rejected Willis' request that he receive a two-level reduction for acceptance of responsibility and accepted the government's recommendation that Willis receive a two-level increase for obstruction of justice. This adjustment resulted in a total offense level of 36. Because Willis had no prior criminal record, he had a criminal history category of I, which yielded a sentencing range of 188 to 235 months. The court sentenced Willis at the bottom of the range, 188 months.[3]

With respect to the obstruction of justice adjustment, the court stated:

> The defendant maintains that he testified truthfully at his trial and suggests that the Court should reject the probation officer's conclusion that the defendant testified falsely. The Court sat through a long trial in this case and has had repeated opportunities to review the evidence pertinent to this whole conspiracy and this individual defendant. After a thorough review of the facts of this case, the Court concludes that the defendant's testimony was, at least in part, false.

Sentencing Tr. at 22.

With respect to acceptance of responsibility, the court stated:

> Defendant asserts that he is entitled to a reduction for acceptance of responsibility. The Court concludes that defendant has not sincerely accepted his responsibility for his role in the overall conspiracy.

*Id.* at 23.

■■■ The obstruction of justice adjustment is a sentence enhancement. Thus, the burden of proving the facts necessary to support the adjustment lies with the government. *United States v. Williams,* 905 F.2d 217, 218 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 687, 112 L.Ed.2d 678 (1991). The adjustment cannot

be given simply because a defendant testifies in his own behalf and the jury disbelieves him. The district court itself must find that the defendant committed perjury before making the upward adjustment. *See United States v. Dyer,* 910 F.2d 530, 533 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 276, 112 L.Ed.2d 232 (1990). No enhancement should be imposed based on the defendant's testimony if a reasonable trier of fact could find the testimony true. *See* U.S.S.G. § 3C1.1 commentary, application note 1 (defendant's testimony and statements should be evaluated in light most favorable to defendant).

■■■ After reviewing the sentencing transcript, we are satisfied that the district court applied the correct standard and that his finding regarding Willis' testimony is not clearly erroneous. Accordingly, the two-level enhancement for obstruction of justice is appropriate. The guideline commentary notes that conduct meriting an obstruction of justice enhancement ordinarily indicates that a defendant has not accepted responsibility for his criminal acts. U.S.S.G. § 3E1.1 commentary, application note 4. While extraordinary cases may merit adjustments for both obstruction of justice and acceptance of responsibility, *id.,* we believe the district court correctly determined that this is not such a case. *See United States v. Paige,* 923 F.2d 112, 114 (8th Cir.1991).

For the foregoing reasons, we affirm Willis' conviction and the sentence imposed by the district court.

---

2. Count 2 charged the attempted purchase of twenty kilograms, while Count 32 charged a conspiracy to distribute five or more kilograms.

3. Had the court given a two-level reduction for acceptance of responsibility and not given a two-level increase for obstruction of justice, the offense level would have been 32 with a sentencing range of 121 to 151 months.