**UNITED STATES of America, Appellee,**

v.

**Eugene Onojaife OGBEIFUN, a/k/a Charles Patrick Clemon, a/k/a Charles Patrick Clemons, Appellant.**

No. 91–1775.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Nov. 25, 1991.

Arthur Martinez, Minneapolis, Minn., for appellant.

Andrew Dunne, Minneapolis, Minn. (Jerome G. Arnold, on brief), for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Eugene Onojaife Ogbeifun appeals from his convictions and his resulting sentence on two counts of making false statements on an application for a United States passport, 18 U.S.C. § 1542, and two counts of making a false claim of citizenship on an employment application, 18 U.S.C. § 911. He argues that the District Court erred in (1) rejecting his challenge to the government's use of one of its peremptory strikes against a black venireperson; and (2) enhancing his offense level by two points for obstruction of justice. United States Sentencing Commission, *Guidelines Manual*, § 3C1.1 (Nov.1990).

Having considered the briefs and the record on appeal, we are satisfied the District Court's finding that the government had nonracial grounds for striking the black venireperson in question is not clearly erroneous.

Similarly, we are persuaded that the two-point enhancement for obstruction of justice was based on the District Court's explicit finding that Ogbeifun committed perjury in his trial testimony and that that finding is not clearly erroneous. Specifically, the District Court, at Ogbeifun's sentencing, commented that "I sat through this trial as the Judge, and I have seldom, if ever, heard more perjury coming from the witness stand from a defendant than I heard from this defendant. And consequently, I believe that clearly he perjured himself." (Tr. p. 4.) Thus the two-level enhancement for obstruction of justice was

not based merely on Ogbeifun's failure to convince the jury of his innocence, but instead was based on the experienced trial judge's express finding, based on the judge's personal observations, that Ogbeifun had lied to the jury. In light of this clear-cut finding of perjury, we believe the concerns expressed in the concurring opinion are without compelling force in this case. For the same reason, we believe this case does not merit en banc consideration. To the extent that *United States v. Dunnigan*, 944 F.2d 178 (4th Cir.1991), would disallow the two-level enhancement for obstruction of justice even where, as here, there is a strong finding of perjury based on the trial judge's independent evaluation of the defendant's testimony, we disagree with that decision of our sister circuit. Moreover, we believe the established law of our circuit as set forth in *United States v. Willis*, 940 F.2d 1136, 1140 (8th Cir.1991), reflects the better view. In *Willis*, as here, we upheld an upward adjustment for obstruction of justice where the trial court determined the defendant had lied during trial.

Finally, we are convinced that any view other than the view taken in *Willis* and in the present case is foreclosed by the decision of the Supreme Court in *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978) (holding that a sentencing judge, in setting an appropriate sentence within statutory limits, may consider the defendant's false testimony observed by the judge during trial). We reject the notion, expressed in the concurring opinion in this case and in *Dunnigan*, that the *Grayson* analysis does not apply to guidelines sentencing.

The convictions and sentence are AFFIRMED.

HEANEY, Senior Circuit Judge, concurring.

I believe that we should consider en banc whether a two-level enhancement for obstruction of justice is appropriate where a defendant testifies at trial and a determination is made that his testimony was not truthful. I believe such an enhancement penalizes defendants for exercising their right to testify on their own behalf.

The United States Court of Appeals for the Fourth Circuit recently made a compelling argument against assessing an obstruction enhancement under circumstances similar to Ogbeifun's. *See United States v. Dunnigan*, 944 F.2d 178 (4th Cir.1991). In that case, the court stated:

It disturbs us that testimony by an accused in his own defense, so basic to justice, is deemed to "obstruct" justice unless the accused convinces the jury. The facile logic of hindsight deems such disbelieved testimony a lie; inasmuch as there is no right to lie, there is no harm in sanctioning it. Hindsight, however, does not help the accused when he must decide whether to take the stand. He already knows that he faces the possibility of conviction, and that he is much less likely to be acquitted if he remains silent, despite his right to do so and even in the face of instructions to the jury to draw no adverse inference from his silence. Moreover, the dilemma does not arise solely when the defendant is guilty; there are many reasons unrelated to guilt that may militate against testifying. Chief among these is the prosecution's power to impeach the defendant's credibility with prior convictions under Fed. R.Evid. 609. We cannot help but note that an innocent defendant with prior convictions must weigh the jury's likelihood of drawing one impermissible inference (guilty silence) against another (guilt by criminal propensity) in deciding whether to testify. With an automatic § 3C1.1 enhancement added to the ante, the defendant may not think testifying worth the risk.

*Dunnigan*, 944 F.2d at 183–84 (cites and footnotes omitted).

The Fourth Circuit explained how the obstruction enhancement can chill a defendant's right to testify at trial:

A defendant who stands trial has already probably passed up an opportunity, through a negotiated plea, for a lesser charge and sentence. At trial, he must choose between remaining silent, with a

heavy risk of conviction, and testifying on pain of facing an enhanced sentence. At every turn, he is encouraged to forfeit his rights, and is subjected to increased punishment for refusing to do so. When deciding to testify, he is not simply "aware" of a "process" that might take his untruthfulness into account, he is (and ought to be advised by his counsel) aware that the very fact of his testifying will be used against him if he is convicted.

*Id.* at 184–85.

I recognize that many circuit courts have held that the obstruction enhancement may be applied to defendants who testify at trial. These courts, however, have relied on *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), a preguidelines cases that has little relevance to guidelines sentencing. The *Grayson* Court held that consideration of a defendant's alleged false testimony at sentencing would be permissible to illuminate the defendant's need for *rehabilitation. See Grayson,* 438 U.S. at 53–54, 98 S.Ct. at 2617–2618. Because the guidelines reject rehabilitation as a sentencing factor, *see* 28 U.S.C. § 994(k) (1988), the rationale of *Grayson* simply does not apply under the guidelines. Instead, an obstruction enhancement under U.S.S.G. § 3C1.1 for false testimony punishes a person for perjury without indictment, trial by jury, or proof beyond a reasonable doubt. This is a practice *Grayson* rejected. *Grayson,* 438 U.S. at 53, 98 S.Ct. at 2617; *id.* at 55, 98 S.Ct. at 2618 ("Nothing we say today requires a sentencing judge to enhance, in some wooden or reflex fashion, the testimony of all defendants whose testimony is deemed false.").

The Fourth Circuit recognized that *Grayson* no longer applies to guidelines sentencing, and concluded that

[t]he rigidity of the guidelines makes the § 3C1.1 enhancement for a disbelieved denial of guilt under oath an intolerable burden upon the defendant's right to testify in his own behalf. Consequently, though we affirm Dunnigan's conviction, we remand for resentencing without the enhancement for obstruction of justice.

*Dunnigan,* 944 F.2d at 185. The Fourth Circuit's comments are also reflected in the dissenting opinion of our distinguished colleague, Judge Myron H. Bright, in *United States v. O'Meara,* 895 F.2d 1216, 1222 (8th Cir.1990).

If guidelines sentencing is to be retained, we must make sure that the basic rights of defendants are not sacrificed. For the above reasons, I would refer this case to the court en banc.