962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
William Gerald JEFFCOTT, Appellant.
 No. 91-3446.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 1, 1992.
Filed: May 8, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Gerald Jeffcott appeals from an order of the district court[1] denying his motion for a new trial, and he appeals his sentence. We affirm.
 
 
 2
 A jury found Jeffcott guilty of conspiring to distribute cocaine and of distributing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988). Jeffcott moved for a new trial, arguing he received ineffective assistance of counsel due to counsel's poor physical condition during trial. The district court denied the motion and proceeded to sentencing. Relying on testimony from Jeffcott's trial, the court attributed 2.264 kilograms of cocaine to Jeffcott and assessed a base offense level of 28. It added two points for obstruction of justice under U.S.S.G. § 3C1.1, based on Jeffcott's testimony at trial. The court calculated a sentencing range of 97 to 121 months, and sentenced Jeffcott to a prison term of 100 months and four years of supervised release. This appeal followed.
 
 
 3
 Jeffcott argues the court erred in denying his motion for a new trial based on ineffective assistance of counsel. In support of his motion for a new trial, Jeffcott attested that trial counsel was extremely tired and ill. Counsel attested that he did not feel well during trial but did not know whether his health problems adversely affected his efforts at trial. We agree with the district court that Jeffcott did not produce credible evidence that trial counsel's physical condition adversely affected the outcome of Jeffcott's trial. The district court did not abuse its discretion in denying Jeffcott's motion for a new trial. See United States v. McMahan, 852 F.2d 337, 339 (8th Cir. 1988) (per curiam) (district court's decision on motion for new trial reviewed for abuse of discretion).
 
 
 4
 Next, Jeffcott argues that the obstruction-of-justice enhancement based on his trial testimony chills his right to testify. He recognizes that United States v. Ogbeifun, 949 F.2d 1013, 1014-15 (8th Cir. 1991), forecloses his argument, but asks us to reconsider the issue. One panel of this court, however, cannot disregard precedent created by another panel; only the court en banc can do so. Drake v. Scott, 812 F.2d 395, 400 (8th Cir.), cert. denied, 484 U.S. 965 (1987). We see no reason to reconsider the issue en banc at this time. Jeffcott also argues the district court relied solely on the jury verdict in assessing the enhancement and did not independently find that Jeffcott committed perjury. We disagree. After reading the trial transcript, the court stated it was satisfied that Jeffcott's testimony obstructed justice. This is sufficient indication that the court itself determined Jeffcott lied at trial. See United States v. Benson, No. 91-2732, slip op. at 4 (8th Cir. Apr. 7, 1992) (analysis under section 3C1.1 calls for independent evaluation and determination by sentencing court that defendant's testimony was false). Based on the trial transcript, we conclude the district court's finding is not clearly erroneous. See Ogbeifun, 949 F.2d at 1013 (reviewing finding of perjury for clear error). We also reject Jeffcott's argument that the court improperly failed to specify which portion of his testimony was false. See Benson, slip op. at 4 (analysis under section 3C1.1 does not call for specific fact findings and statements of particularity).
 
 
 5
 Finally, Jeffcott attacks the court's calculation of drug quantity. Where there is no drug seizure, the sentencing court must approximate drug quantity. U.S.S.G. § 2D1.4, comment. (n.2). We review the district court's finding on drug quantity for clear error, United States v. Schwarck, No. 91-1441, slip op. at 3 (8th Cir. Apr. 6, 1992), giving due regard to that court's opportunity to judge witness credibility, 18 U.S.C. § 3742(e) (1988). After our review of the record, we are satisfied that the district court's drug-quantity determination is not clearly erroneous. Jeffcott's reliance on United States v. Lawrence, 915 F.2d 402 (8th Cir. 1990), is misplaced. Here, there was testimony that Jeffcott bought and sold cocaine during the relevant time frame in far greater quantities than the district court attributed to him.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa