972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Murray Harmon EVANS, Appellant.
 No. 92-1887.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 10, 1992.
Filed: August 17, 1992.
 
 Before BEAM, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Murray Evans appeals from his conviction on one count of impersonating a CIA employee and four counts of impersonating a Colonel in the United States Air Force and of committing a distinct overt act in furtherance of each of those impersonations in violation of 18 U.S.C. § 912.[1] We affirm.
 
 
 2
 Evans contends that the court committed reversible error by denying his motion to dismiss four of the five counts on the basis that they were multiplicitous. He claims that each of the counts charged a violation of the same statute by the same means in the same place during the same time period and that therefore only one crime had been committed. To support his contention, Evans relies upon Ladner v. United States, 358 U.S. 169, 176 (1958) ("we cannot find that Congress intended that a single act of assault [i.e., the single discharge of a shotgun] affecting two officers constitutes two offenses under the statute.") Evans' reliance on Ladner is misplaced. On five separate occasions Evans entered or attempted to enter into a loan arrangement with various individuals, offering as collateral money he represented the federal government owed him for his "services." Evans was lent over $200,000 as a result of these representations. Most of that money was never repaid. Each time he attempted to secure a loan pledging government money he claimed to be owed constituted a separate act. Each count involved a separate and distinct loan arrangement. These five separate overt acts supply the distinct element of proof needed for the counts not to be multiplicitous. See United States v. Kimberlin, 781 F.2d 1247 (7th Cir. 1985) (impersonation of military officer and two attempts on consecutive days to secure a military drivers license plate and license constituted two separate offenses, cert. denied, 479 U.S. 938 (1986)).
 
 
 3
 Evans also claims that the district court abused its discretion by limiting his cross-examination of a CIA spokesperson, Karen Stricker. Stricker stated that neither Evans nor his supposed contacts within the Agency had ever been employed by the CIA. She also testified that she would not lie under oath. Evans' counsel wanted to pursue this line of questioning to impeach Stricker by asking her about other CIA employees' lying before courts and the "CIA's lies to the American people." The trial court properly sustained the government's objection to this line of questioning as being irrelevant.
 
 
 4
 Evans contends that the trial court abused its discretion by declining to instruct the jury on a theory of his defense. He proposed that "the government must prove beyond a reasonable doubt 'that the defendant was not acting under an actual or believed exercise of public authority on behalf of the CIA at the time of the alleged offense." He states that his belief that he was a CIA agent makes that instruction good because that belief was essential to his culpability.
 
 
 5
 That reading perverts Federal Rule of Criminal Procedure 12.3, on which it is supposedly based. Some case law indicates this defense can be used only where the defendant presents objectively reasonable evidence that he relied on the authority of a person directing him and believed that the person possessed authority to direct him on behalf of the government. Other authority would require actual possession of authority by the one who the defendant asserts instructed or empowered him. See United States v. Reyes-Vasquez, 905 F.2d 1497, 1499 (11th Cir. 1990), cert. denied, 111 S. Ct. 2869 (1991); United States v. Barker, 546 F.2d 940, 946-49, 958-62 (D.C. Cir. 1976) (separate opinions of Judge Wilkey and Judge Merhige). In either event, Evans did not satisfy the test. Here, Evans asserts the authorization defense relying on his pretensions or delusions of contact with persons from the CIA whom he could not name or who did not exist. (T.T. at 136-37, 202-203). Since Evans' proposed instruction did not correctly state the law and was not supported in fact, he was not entitled to the instruction. See United States v. Austin, 915 F.2d 363, 365 (8th Cir. 1990), cert. denied, 111 S. Ct. 1626 (1991).
 
 The Sentence
 
 6
 Evans claims the two level enhancement for obstruction of justice was incorrect. This court held in United States v. Ogbeifun, 949 F.2d 1013, 1014 (8th Cir. 1991), that a two level enhancement for obstruction of justice based on the district court's explicit finding that the defendant committed perjury in his trial testimony, which finding was not clearly erroneous, should stand. Here, as in Ogbeifun, the district court's decision to enhance the sentence was not based on the defendant's failure to convince the jury of his innocence, but on the trial judge's observation that the defendant had lied. This conclusion is supported by the record.
 
 
 7
 Accordingly, we affirm the decision of the district court.
 
 
 
 [1]
 Section 912 "sets out two distinct crimes: the first, where one 'pretends to be an officer or employee acting under authority of the United States and acts as such,' and the second, where one 'in such pretended character demands or obtains any money, paper, document, or thing of value.' " United States v. Robbins, 613 F.2d 688, 690 (8th Cir. 1979). Evans was charged only with violations of the first part of section 912