**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Andres PATINO–ROJAS, Defendant–Appellant.**

No. 92–1074.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1992.
Decided Sept. 8, 1992.

J. Michael Mayer, Des Moines, Iowa, for defendant-appellant.

Lester A. Paff, Asst. U.S. Atty., Des Moines, Iowa, for plaintiff-appellee.

Before BOWMAN and LOKEN, Circuit Judges, and HUNTER, Senior District Judge. [*]

PER CURIAM.

Andres Patino–Rojas appeals his conviction and sentence for two money laundering offenses—structuring a transaction with financial institutions for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), in violation of 31 U.S.C. § 5324(3), and knowingly conducting a financial transaction with illegal drug proceeds in order to avoid a transaction reporting requirement, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii). Patino–Rojas argues that the district court [1] erred in admitting conspirator hearsay statements at his trial and in applying a two-level enhancement for obstruction of justice in determining his sentence. We affirm.

In June of 1990, Patino–Rojas and Fernando Hernandez–Puga counted out cash at the Boatworks, Inc., in Des Moines, Iowa, to complete Patino–Rojas's purchase of a $20,000 boat. When told that a currency transaction report must be filed for a cash payment of more than $10,000, they left and later returned with two cashier's checks from different local banks, one for $6,000 and the other for $9,000. The Boatworks took the checks and additional currency and completed the sale.

An employee of one bank testified that Patino–Rojas had come to the bank that day and initially asked for a $10,000 cashier's check. When she advised him that she would need identification to fill out a transaction report, he left, returned a few minutes later, and purchased a $6,000 cashier's check with cash. Federal law requires that financial institutions complete a currency transaction report for all cash transactions of $10,000 or more. *See* 31 U.S.C. § 5313(a); 31 C.F.R. § 103.22(a)(1).

A six-count indictment was returned against Patino–Rojas, Guadalupe Acosta–Miranda, and a third defendant. Patino–Rojas was charged in four of the counts with conspiracy to distribute cocaine and heroin, and with the two money laundering charges for the way in which he obtained the cashier's checks and conducted the purchase of the boat.

At trial, Fernando Hernandez–Puga and his two brothers, who had pleaded guilty to other drug charges, testified that Patino–Rojas knew that the money to buy the boat came from Fernando Hernandez–Puga's drug proceeds, and that the boat was later taken to Las Vegas and exchanged for kilos of cocaine. Fernando Hernandez–Puga testified that Patino–Rojas was in the cocaine business with him, and that Acosta–Miranda had said that Patino–Rojas was also part of a separate cocaine and heroin business with Acosta–Miranda. Patino–Rojas took the stand in his own defense and denied all the charges. He testified that he bought the boat with his own money and money borrowed from a friend, not with

[*] The Honorable ELMO J. HUNTER, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa.

money from Fernando Hernandez–Puga's drug business.

The jury acquitted Patino–Rojas of the drug charges but convicted him of the money laundering charges—structuring the cashier's check purchases so that the banks would not file currency transaction reports, and buying the boat with illegal drug money in such a manner that the Boatworks would not file a report. In sentencing Patino–Rojas, the district court enhanced his base offense level by two levels after finding that he gave false testimony at trial. The court then reduced his base offense level because his criminal history category overstated the seriousness of his criminal history and sentenced him to 63 months in prison, the bottom of his Guidelines range of 63–78 months.

■ On appeal, Patino–Rojas contends that the district court should not have admitted Hernandez–Puga's hearsay testimony in which Acosta–Miranda implicated Patino–Rojas in drug trafficking. Using the procedure approved by this court in *United States v. Bell,* 573 F.2d 1040 (8th Cir.1978), the district court first conditionally admitted this testimony as non-hearsay statements made by a co-conspirator, *see* Fed. R.Evid. 801(d)(2)(E), and then determined at the close of the government's case-in-chief that the evidence was admissible because the government had proved the conspiracy by a preponderance of the evidence.

The jury nonetheless acquitted Patino–Rojas of the drug conspiracy charges, and he argues that this hearsay testimony of his alleged conspirators unfairly prejudiced his defense of the money laundering charges for which he was convicted. He cites no authority for this novel contention, and we conclude it is without merit. Patino–Rojas concedes that the district court properly applied the *Bell* procedures, and of course there is nothing inherently inconsistent in the district court concluding that the conspiracy had been proved by a preponderance of the evidence for purposes of admitting conspirator hearsay, and the jury later concluding that Patino–Rojas had not been proved a member of the conspiracy beyond a reasonable doubt. In addition,

Patino–Rojas's assertion of prejudice is sheer speculation. The jury was obviously unimpressed with Acosta–Miranda's hearsay testimony regarding the alleged drug conspiracies, since it acquitted Patino–Rojas of the drug charges. Moreover, there was overwhelming direct evidence that Patino–Rojas was guilty of the money laundering charges.

■ Finally, Patino–Rojas argues that he should not have received the two-level obstruction of justice enhancement because a reasonable jury could have believed his trial testimony. He contends that any other standard places an unfair burden on a defendant's right to testify and violates the principle that "such testimony ... should be evaluated in a light most favorable to the defendant." U.S.S.G. § 3C1.1, comment. (n.1). However, in this circuit, the obstruction of justice enhancement may be imposed when "there is a strong finding of perjury based on the trial judge's independent evaluation of the defendant's testimony" at trial. *United States v. Ogbeifun,* 949 F.2d 1013, 1014 (8th Cir.1991). *See also United States v. Wagner,* 884 F.2d 1090, 1098 (8th Cir.1989). Here, noting that the jury clearly believed Hernandez–Puga's contrary testimony concerning the source of the funds, the district court expressly found that Patino–Rojas willfully attempted to obstruct justice by giving false testimony at the trial. That finding was not clearly erroneous, so the enhancement must be upheld.

The judgment of the district court is affirmed.