989 F.2d 505
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Abel CADENA, Appellant.
 No. 92-1804.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 18, 1993.
Filed: February 26, 1993.
 
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Abel Cadena appeals the 188-month sentence imposed on him by the District Court[1] after Cadena was convicted of conspiring to distribute cocaine and of two counts of distributing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1988). He challenges the amount of cocaine the court attributed to him in determining his base offense level and the court's increase in his offense level for obstruction of justice. We affirm.
 
 
 2
 Fernando Hernandez-Puga (Fernando) testified at Cadena's trial that he purchased a total of fifteen to twenty kilograms of cocaine from Cadena in 1990 and 1991. Refugio Hernandez-Puga (Refugio) testified that, in August 1990, in Aurora, Illinois, Cadena obtained two kilograms of cocaine from a third person and then gave that cocaine to him. Cadena also testified at his trial. Although he admitted that he had contact with many of the individuals who testified against him, he denied that he had been involved in any drug transactions.
 
 
 3
 The District Court found that 27.49 kilograms should be attributed to Cadena in determining his sentence, and this amount included fifteen kilograms distributed by Cadena to Fernando in 1990 and 1991 and two kilograms distributed to Refugio in August 1990. The court also found that Cadena had committed perjury during trial, and therefore, that his sentence should be enhanced for obstruction of justice.
 
 
 4
 Cadena argues that the District Court erred in determining the amount of cocaine attributable to him for purposes of sentencing. He argues that the Court should have included only four of the fifteen kilograms that Fernando testified he received from Cadena in 1990 and 1991 because, with the exception of those four kilograms, Fernando could provide no specific details regarding the time when he received the cocaine and regarding the amounts in which he received it. He also argues that the court erred in including the two kilograms Refugio testified he received because Refugio stated that he received this cocaine from an unidentified third person. Cadena finally argues that the District Court erred in relying on the jury's guilty verdict to support the obstruction-of-justice enhancement for perjury.
 
 
 5
 For purposes of sentencing, the government must establish the amount of drugs attributable to a defendant by a preponderance of the evidence, and we will not overturn the District Court's finding regarding the amount of drugs unless it is clearly erroneous. United States v. Swinney, 970 F.2d 494, 501 (8th Cir.), cert. denied, 113 S. Ct. 632 (1992).
 
 
 6
 We conclude the District Court did not clearly err in including fifteen kilograms of cocaine that Fernando indicated he received from Cadena in 1990 and 1991. We previously have held that a district court erred in attributing certain drugs to a defendant because the trial testimony did not clearly establish the dates on which the drugs were delivered to the defendant or the amounts delivered. United States v. Phillippi, 911 F.2d 149, 151 (8th Cir. 1990) (drug courier testified at trial that, on two occasions "about six months apart sometime in 1986," she delivered to defendant two packages of cocaine that were similar in size to packages she delivered later), cert. denied, 111 S. Ct. 702 (1991). Here, however, Fernando testified that he received a total of fifteen to twenty kilograms of cocaine from Cadena between late 1990 and April 1991. Unlike the situation in Phillippi, the witness in this case was the actual purchaser of the drugs, and his testimony concerning quantity and time was more specific; Fernando estimated the amount of drugs based on the weight of the drugs rather than the size of the packaging, and he indicated that he received the drugs during the year prior to his arrest. Furthermore, we may uphold a drug-quantity determination that was based on a statement containing approximate dates and quantities. See United States v. Frondle, 918 F.2d 62, 63, 66 (8th Cir. 1990) (holding district court was entitled to attribute at least two kilograms of cocaine to defendant based on coconspirator's statement that he fronted defendant "between two and four kilograms" in "June or July of 1987"), cert. denied, 111 S. Ct. 1400 (1991).
 
 
 7
 We also conclude the District Court did not clearly err in including the two kilograms of cocaine distributed to Refugio. In determining the defendant's base offense level, the guidelines indicate that the court should consider conduct of others in furtherance of jointly-undertaken criminal activity that was reasonably foreseeable by the defendant. United States Sentencing Commission, Guidelines Manual, § 1B1.3, comment. (n.1) (Nov. 1991).
 
 
 8
 Although a third person supplied the two kilograms, the two kilograms were reasonably foreseeable by Cadena. Moreover, the testimony revealed that Cadena actually obtained the two kilograms from the third person and then gave that cocaine to Refugio.
 
 
 9
 We also review the District Court's finding that the defendant obstructed justice for clear error. United States v. Patino-Rojas, 974 F.2d 94, 96 (8th Cir. 1992) (per curiam), petition for cert. filed, U.S.L.W. (U.S. Dec. 6, 1992) (No. ). The obstruction-of-justice enhancement may be imposed when " 'there is a strong finding of perjury based on the trial judge's independent evaluation of the defendant's testimony' at trial." Id. (quoting United States v. Ogbeifun, 949 F.2d 1013, 1014 (8th Cir. 1991)). Although the District Court acknowledged the jury's guilty verdict when it addressed Cadena's obstruction-of-justice enhancement, we conclude the District Court also made an independent finding of perjury, which was not clearly erroneous. The court stated that Cadena committed perjury by denying his involvement in cocaine distribution. See id. (obstruction-of-justice enhancement not clearly erroneous where district court noted jury's disbelief of defendant's testimony, and expressly found defendant gave false testimony at trial).
 
 
 10
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa