**UNITED STATES of America, Appellee,**

v.

**James A. BENSON, Appellant.**

**No. 91–2732.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1992.

Decided April 7, 1992.

---

708

Stephen A. Swift, Cedar Rapids, Iowa, for appellant.

Rodger E. Overholser, Cedar Rapids, Iowa, for appellee.

Before ARNOLD, Chief Judge, MAGILL, Circuit Judge, and LARSON,* Senior District Judge.

LARSON, Senior District Judge.

James A. Benson appeals from his conviction for kidnapping in violation of 18 U.S.C. § 1201. Benson maintains that the district court[1] erred in its admission of certain evidence and challenges the two level enhancement of his sentence for obstruction of justice. We affirm in part and remand in part.

## I.

James Benson and his wife, Judith Benson, had been married for eleven years and had two children at the time of Benson's trial on the charge of kidnapping. Evidence was presented at trial that, during their marriage, Benson was verbally and physically abusive to Judith and the children. At one time Judith Benson obtained a restraining order against Benson; in March of 1990 Benson was convicted of assault on Judith, causing bodily injury. In July of 1990 Benson broke into Judith's home. On August 20, 1990, while a restraining order was in effect and probation requirements prohibited Benson from having any contact with Judith, Benson kidnapped Judith. The evidence showed that Benson forcibly entered the home, forced Judith and the children to leave their home, and threatened and struck Judith numerous times throughout the kidnapping.

During Benson's trial, the government attempted to impeach Benson's testimony with an FBI report reflecting statements made by Benson to an FBI agent three

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Edward J. McManus, United States District Judge for the Northern District of Iowa.

days after the kidnapping. Benson maintained that he had no recollection of the conversation. A portion of the report was read into evidence by the district attorney, over Benson's hearsay objection. Benson also maintained that he had no recollection of what he said to his probation officer on the day of his arrest. A portion of the probation officer's case record was read into evidence by the district attorney, over Benson's objections as to hearsay and the lack of opportunity to confront witnesses.

The district court enhanced Benson's sentence by two levels for obstruction of justice. The enhancement was based upon Benson's testimony at trial that Judith Benson went with him willingly.

## II.

■ First, Benson argues that the admission of the FBI agent's report and the probation officer's case record was error because they both constitute inadmissible hearsay. The hearsay exception of past-recorded recollection under Fed.R.Evid. 803(5) is not applicable because the requirement of Rule 803(5), that the records be made or adopted by the witness, has not been met. The two interviews with Benson were not reported verbatim and they were unsigned and unsworn by Benson. Thus, both reports constitute inadmissible double hearsay and should not have been admitted into evidence. *Walker v. Wayne County, Iowa,* 850 F.2d 433 (8th Cir.1988). However, we further determine that the admission of the reports constitutes harmless error beyond a reasonable doubt. We have carefully reviewed the record before us and we find that the verdict is overwhelmingly supported by evidence of Benson's guilt. The reports were merely cumulative and the information contained therein was corroborated in large part by Benson, and by other witnesses. See *United States v. Weddell,* 890 F.2d 106 (8th Cir.1989); *United States v. Kandiel,* 865 F.2d 967 (8th Cir.1989).

■ Second, Benson submits that his right to confront witnesses under the Sixth Amendment has been violated. The two reports discussed above were admitted without the opportunity for cross-examination of the authors of the reports. The Supreme Court has determined that the confrontation clause requires a showing of unavailability of the hearsay declarant and a showing that the statement bears adequate "indicia of reliability." "Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). Benson's right to confront the witnesses against him was violated. However, we again determine that, in light of the other substantial evidence of Benson's guilt, the error is harmless beyond a reasonable doubt. See *United States v. McClintock,* 748 F.2d 1278 (9th Cir.1984).

## III.

■ Benson also challenges his two-level sentencing enhancement for obstruction of justice under Section 3C1.1 of the Sentencing Guidelines. Benson argues that the court must make specific findings of fact that he perjured himself in testifying that the kidnapping victim did go with him willingly. This court has held that, while the enhancement may not be based solely upon Benson's failure to convince the jury of his innocence, it may be "based on the experienced trial judge's express finding, based on the judge's personal observations, that [the defendant] lied to the jury." *United States v. Ogbeifun,* 949 F.2d 1013, 1014 (8th Cir.1991). Thus, the analysis does not call for the specific fact finding and statements of particularity urged by Benson, but does call for an independent evaluation and determination by the court that Benson's testimony was false. See *United States v. Willis,* 940 F.2d 1136 (8th Cir. 1991). In this instance the court merely noted that, "The Defendant testified that the victim went willingly. The Court determines that the verdict of the jury resolved this matter and thus the Court sustains the Plaintiff's objection and finds a two-level

increase appropriate under Guideline 3C1.1." (Tr. p. 5.) This is an insufficient finding. It is, therefore, necessary for us to vacate Benson's sentence and to remand the case for resentencing.

While our review of the record indicates extensive evidence of the victim's unwillingness to go with Benson, Benson's abuse of the victim historically, and Benson's coercive, abusive behavior during the kidnapping, this court must give due regard to the district court's observations and judgments in determining whether Benson perjured himself at trial. 18 U.S.C. § 3742(e). We emphasize that, at resentencing, the question of Benson's perjury lies within the sound discretion of the district court.

## IV.

For the reasons set forth above, we affirm Benson's conviction, vacate his sentence, and remand for resentencing in accordance with this opinion.