UNITED STATES of America, Appellee,

v.

Jeffrey Thomas HOLT, Appellant.

UNITED STATES of America, Appellee,

v.

John PERFETTO, a/k/a "Spud"
Perfetto, Appellant.

UNITED STATES of America, Appellee,

v.

Robert Brooks BALL, Appellant.

Nos. 91–2357MN, 91–2358MN,
91–2359MN.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1992.

Decided July 14, 1992.

Rehearing and Rehearing En Banc
Denied Sept. 9, 1992.

Barry V. Voss, Minneapolis, Minn., argued, for appellant Jeffrey Holt.

Frederick J. Goetz, Minneapolis, Minn., argued, for appellant John Perfetto.

Charles L. Hawkins, Minneapolis, Minn., argued, for appellant Robert Ball.

Jeffrey S. Paulsen, Asst. U.S. Atty., Minneapolis, Minn., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Jeffrey Holt, John Perfetto, and Robert Ball appeal their convictions and sentences for conspiracy and drug-related offenses. We affirm the conspiracy and distribution convictions for all of the defendants and the sentences of Perfetto and Ball for these offenses. We remand to the District Court to vacate Holt's and Perfetto's convictions of continuing criminal enterprise. Finally, we vacate Holt's sentence and remand for an evidentiary hearing on an obstruction-of-justice enhancement.

This case involves a long list of characters who conspired to smuggle cocaine from Florida to Duluth, Minnesota, from January 1986 through September 1990. Holt and Perfetto stood on top of the Duluth distribution ladder, each having a shifting class of couriers beneath him. Ball, a Canadian citizen, was one of the Florida suppliers of cocaine, spending six months of the year living in Florida and six months in Canada. On November 7, 1990, a grand jury returned a seven-count indictment naming ten people, including the defendants. Six of the ten pleaded guilty and cooperated with the government. Holt, Perfetto, and Ball went to trial. The jury convicted Holt and Perfetto of conspiracy to distribute cocaine and continuing criminal enterprise (CCE). It also convicted Perfetto of possession and Holt of aiding and abetting possession with intent to distribute cocaine. Ball was convicted of conspiracy and aiding and abetting possession with intent to distribute cocaine. These appeals followed.

## I.

All of the defendants argue that their conspiracy convictions must be reversed because the government proved multiple conspiracies—at least four—when the indictment charged only a single conspiracy. The defendants claim that the fact that there are multiple conspiracies is apparent from evidence of the different personnel involved in each transaction, the varied dates of each of the transactions, the differing methods of getting the drugs from Florida to Minnesota, and the many ways of distributing it once it arrived.

■ Whether the evidence proved a single conspiracy or multiple conspiracies is a question of fact to be resolved by the jury. The jury made that determination after being correctly instructed on the subject. The evidence need not prove that all of the co-conspirators were involved in each drug transaction, or even that they all knew each other. Here, there was evidence that the defendants had a common overall goal—to smuggle drugs from Florida to Duluth, Minnesota, for distribution—and that the same infrastructure continuously underlay each phase of defendants' activities. Viewing the evidence in the light most favorable to the jury verdict, as we must, we hold that it was reasonable for the jury to conclude that a single conspiracy existed.

■ Holt and Perfetto next contend that the evidence was insufficient to convict them under 21 U.S.C. § 848 for a continuing criminal enterprise. The government concedes that we must remand to the District Court to vacate the CCE convictions on double-jeopardy grounds,[1] so we need not address this argument. Allowing both of the convictions, conspiracy and CCE, to stand would violate the Double Jeopardy Clause of the Fifth Amendment since the convictions punish twice for the same conduct. See *United States v. Duke*, 940 F.2d 1113, 1120 (8th Cir.1991).

## II.

Each defendant also challenges his sentence under the Sentencing Guidelines. Holt and Perfetto first argue that the District Court erred in increasing their offense levels by four levels for being "organizer[s] ... of a criminal activity that involved five or more participants ..." under U.S.S.G. § 3B1.1(a). They claim that the District Court merely accepted the probation officer's conclusion without holding a hearing to make its own finding. Although the Guidelines do not define organizer, the Commentary lists several factors a court may consider in determining whether a defendant played such a role:

the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

Application Note 3 to U.S.S.G. § 3B1.1.

■ After a painstaking review of the evidence, we affirm the sentences imposed by the District Court. First, the District Court did not err by failing to conduct a hearing on this enhancement. In light of the evidence presented at trial on the CCE count, such a hearing would have been repetitive. On the facts, Holt's argument is wholly without merit. With regard to Perfetto's enhancement, however, we find the evidence less than overwhelming, but still sufficient. In other words, the District Court's findings were not clearly erroneous. Perfetto conceded that he "organized" Regina Mecklin, his girlfriend. In addition, Perfetto fronted cocaine to Michelle Crivac, a subdealer, and called her daily to monitor her progress in selling it. He also used her house to store and "cut up" large amounts of cocaine. Perfetto threatened subdealers Scott Kirsch and

---

**1.** Ordinarily, we would review the merits of both convictions and remand to the District Court to vacate one of them, assuming both convictions were (apart from the double-jeopardy point) upheld. The District Court has already stated, however, that if the conspiracy conviction is affirmed, the CCE conviction and sentence will be vacated.

Paul Server when they failed to pay him on time. He also taught Kirsch how to cut cocaine to earn a larger profit. Finally, the District Court did not clearly err in finding that Robert Brophy and Gene Kruger, also subdealers of Perfetto, were organized by Perfetto. Brophy and Kruger each bought cocaine from Perfetto on a regular basis, which Perfetto knew was being resold. Moreover, Brophy once served as a middleman to get cocaine from the supplier in Florida to Perfetto. While the government's charge that Perfetto organized five people may have bordered on overzealousness, we cannot say that the District Court clearly erred in so finding.

Holt also objects to the two-level enhancement he received for obstruction of justice. The probation officer who prepared the presentence report (PSR) recommended the enhancement for two reasons: (1) threatening to do harm to government witnesses and (2) committing perjury at trial. Holt specifically objected to the allegations in the PSR and to the enhancement. The District Court—without requiring the government to produce evidence at the sentencing hearing on the issue, without conducting an evidentiary hearing, and without making a specific finding on the issue—simply adopted the allegations contained in the PSR as its findings of fact, and increased Holt's offense level by two levels for obstructing justice. We vacate this enhancement and remand for an evidentiary hearing.

We have said before, and we repeat that the presentence report is not evidence. See *United States v. Streeter*, 907 F.2d 781, 791–92 (8th Cir.1990). If the defendant objects to facts in the PSR, "the Court must either state that the challenged facts will not be taken into account at sentencing, or it must make a finding on the disputed issue. See Fed.R.Crim.P. 32(c)(3)(D)." *Id.* at 792. Once the defendant has objected to a particular fact, a mere acceptance by the court of the PSR is not a legally sufficient method of making a finding on that issue. "[T]he government must introduce evidence sufficient to convince the Court by a preponderance of the

evidence that the fact in question exists." *Id.*

It is unclear from the sentencing transcript which of the two justifications the District Court relied on in enhancing Holt's sentence. If the Court relied on threats Holt allegedly made to government witnesses, then it should have required the government to produce evidence of those threats. Once Holt objected to those allegations in the PSR, *Streeter* forbade the Court from resting its decision on the PSR, and it was error for the District Court to do so here.

If, on the other hand, the basis of the District Court's decision to enhance was the belief that Holt committed perjury at trial, then the Court should have made a more specific finding to this effect. The only finding the Court made on the obstruction-of-justice enhancement was that "the facts will be as admitted by the defendant and as contained in the PS[R]. They will be adopted by the Court as true." Joint Appendix 24. Although it is certainly proper to use perjury at trial to justify an obstruction-of-justice enhancement, the Court itself must find that the defendant committed perjury. The enhancement may not be given "simply because a defendant testifies in his own behalf and the jury disbelieves him." *United States v. Willis*, 940 F.2d 1136, 1140 (8th Cir.1991), *petition for cert. filed*, No. 91–6694 (U.S. Dec. 9, 1991). In *Willis* this Court affirmed the district court's enhancement, holding that the court applied the correct standard. In deciding to enhance, the District Court in that case specifically stated it had "sat through a long trial in this case and has had repeated opportunities to review the evidence pertinent to this whole conspiracy and this individual defendant. After a thorough review of the facts of this case, the Court concludes that the defendant's testimony was, at least in part, false." *Id.* Adopting the PSR is simply not enough. We therefore vacate the sentence and remand to the District Court for resentencing. We suggest that sentencing courts, if they apply an enhancement for obstruction of justice on the basis of perjury at trial,

make specific findings of particular false statements, and support the findings by something more than the guilty verdict.

Ball also attacks his sentence, arguing that the District Court erred by refusing to reduce his offense level by two levels for acceptance of responsibility. We reject Ball's argument and affirm his sentence.

We have considered the other arguments made by defendants and hold that they are without merit.

### III.

We affirm the convictions of·all of the defendants, except that we remand to the District Court to vacate the CCE convictions of Holt and Perfetto. Additionally, we affirm the sentences of Ball and Perfetto, but vacate Holt's sentence and remand for resentencing.