**UNITED STATES of America, Appellee,**

**v.**

**Demetrius Andre RANSOM, Appellant.**

**No. 92–2172.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1992.

Decided April 5, 1993.

Dan J. Kroha, Little Rock, AR, argued (Dale E. Adams, on the brief), for appellant.

Kevin T. Alexander, Asst. U.S. Atty., Little Rock, AR, argued (Michael D. Johnson, Asst. U.S. Atty., on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LOKEN, Circuit Judge, and ROSENBAUM,* District Judge.

RICHARD S. ARNOLD, Chief Judge.

The defendant appeals from a twenty-seven month sentence he received after a guilty plea to one count of conspiracy to commit mail and bank fraud in violation of 18 U.S.C. § 371. He argues that the District Court erred in levying a two-point enhancement under U.S.S.G. § 3C1.1 for obstruction of justice and in denying a two-point reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. We affirm the denial of the two-point reduction for acceptance of responsibility, but we remand this case to the District Court for further findings on the obstruction-of-justice enhancement.

## I.

On June 25, 1991, the defendant, Demetrius Ransom, was named in an eighteen-count indictment for his participation in a "shadow-car scheme." Through this scheme, the defendant and his wife would use two cars of similar make, model, and year (one of which was in poor condition) to con insurance companies and banks out of significant sums of money. The defendant and his wife were able to obtain over $40,000 through these activities.

On February 10, 1992, the defendant pleaded guilty to a superseding one-count indictment. The probation office then began its presentence investigation. The defendant was given a base offense level of six. He then received a seven-point increase due to the amount of loss suffered and the fact that the offense involved more than minimal planning and defrauded more than one victim. In addition, he received a two-point enhancement for directing the activities of his co-defendant and a two-point enhancement for obstruction of justice. The probation office listed several reasons for this latter enhancement. It pointed to the defendant's allegedly untruthful grand jury testimony, his attempted concealment of one of the cars used in the scheme, his failure to answer a summons (thus resulting in warrants being issued), his failure to cooperate with the pre-trial services office, and his alleged threat to a pre-trial services officer. Finally, the probation office recommended that he be denied the two-point reduction for acceptance of responsibility.

At his sentencing hearing, the defendant challenged both the two-point enhancement for obstruction of justice and the denial of the two-point reduction for acceptance of responsibility. After hearing arguments on these matters, the Court denied both of his motions. The Court relied on his alleged perjury before the grand jury as its principal reason for enhancing his sen-

---

* The Hon. James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

tence. As to the acceptance of responsibility, the Court, after a statement from Ransom, denied the reduction, finding that he had not shown sufficient acceptance.

## II.

▊▊▊▊ In order to be granted a two-point reduction for acceptance of responsibility, the defendant must "clearly demonstrate[ ] a recognition and affirmative acceptance of personal responsibility for his criminal conduct...." U.S.S.G. § 3E1.1(a) (Nov.1991). While a guilty plea can be sufficient for this reduction, a defendant who has pleaded guilty is not entitled to the reduction as a matter of right. U.S.S.G. § 3E1.1(c) (Nov.1991). Under the Guidelines, "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." *United States v. Johnson,* 879 F.2d 331, 335 (8th Cir.1989); U.S.S.G. § 3E1.1, n. 5 (Nov.1991). In the present case, we cannot say that the District Court erred when it denied the reduction. Specifically, the defendant referred to the government's prosecution as "a witch hunt" and added that he "was forced into a position in which [he] had no choice but to go this long." Statements such as this, coupled with the District Court's other findings, demonstrate a sufficient basis for denying this reduction.

## III.

▊▊▊ The District Court's ruling on the obstruction-of-justice enhancement presents a more complicated issue. Under U.S.S.G. § 3C1.1 (Nov.1991), "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investiga-

tion, prosecution, or sentencing of the instant offense, increase the offense level by two levels." The burden is on the government to prove the facts necessary to support this enhancement. *United States v. Willis,* 940 F.2d 1136, 1140 (8th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1411, 122 L.Ed.2d 782 (1993). In reviewing the Court's decision on this issue, "we give great deference to the sentencing judge." *United States v. Dyer,* 910 F.2d 530, 533 (8th Cir.), *cert. denied,* 498 U.S. 907, 949, 111 S.Ct. 276, 366, 112 L.Ed.2d 232, 329 (1990).

▊▊▊ The District Court's primary, if not sole, basis for leveling this enhancement was the defendant's alleged perjury before the grand jury. Although other factors were listed in the presentence report, the Court either did not refer to them or appeared to find that they were insufficient.[1] When enhancing a sentence because of alleged false statements or testimony by a defendant, "such testimony or statements should be evaluated in a light most favorable to the defendant." U.S.S.G. § 3C1.1, n. 1 (Nov.1991). In order to levy the two-point enhancement for perjury, the Court must make "an independent evaluation and determination ... that [the defendant's] testimony was false." *United States v. Benson,* 961 F.2d 707, 709 (8th Cir.1992). Merely adopting the presentence report is insufficient. *United States v. Holt,* 969 F.2d 685, 688–89 (8th Cir.1992) ("We suggest that sentencing courts, if they apply an enhancement for obstruction of justice on the basis of perjury at trial, make specific findings of particular false statements, and support the findings by something more than a guilty verdict.")

▊▊▊ In the present case, the Court, while presented with several different factors upon which to base the enhancement, relied only upon "the evasive answers or lies be-

---

1. The Court expressed its views as to two of these factors. The first was the alleged threat made by Ransom to the pre-trial services officer. The Court stated, "Well, on the obstruction, the threat, that goes to the obstruction. In my opinion, that goes to it. I don't know that that threat alone is enough to obstruct justice." Sentencing Tr. 98. Secondly, the Court also considered the alleged concealment of the car. The government declined to produce evidence on this point, however, because it appeared to be unnecessary given the Court's apparent reliance on the alleged perjured grand jury testimony. On remand, the government is free to introduce evidence, and the District Court to make additional findings, on both these factors.

fore the grand jury." Sentencing Tr. 98. (Evasive answers would not be a legally sufficient basis for an obstruction-of-justice enhancement. Lies would be.) The Court stated, "I think that this grand jury testimony is fraught with lies, and I imagine [the government's attorney] can point out more." *Ibid.* The Court, however, failed to point specifically to any of these alleged acts of perjury, and the government did not accept the invitation to point out other instances. Instead, the Court levied the enhancement with the blanket statement that "I'm willing to give him a two-point enhancement for obstruction of justice because I am not sympathetic with anyone who lies under oath before the grand jury." Sentencing Tr. 98–99. Moreover, the Court referred to its own lack of knowledge of the grand jury transcript. ("I'm not familiar with the transcript." Sentencing Tr. 98.) The Court's lack of familiarity with the transcript is especially important in this case, given that no trial was conducted which would have provided the judge with an opportunity to gauge the defendant's actions and testimony while on the witness stand. The Court's only opportunity to observe the defendant occurred at sentencing. *Cf. United States v. Benson, supra,* 961 F.2d at 709 (judge who has personally observed defendant's testimony must make express finding of perjury, but need not specifically identify a particular perjurious statement).

It is apparent from the Sentencing Transcript that the Court was confident that the government could prove the allegations of perjury. Because the government bears the burden of proof on this issue, however, it must present evidence to support its allegations. In the present case, the government failed to put forth any evidence on these matters, perhaps because the need to do so was not apparent, given the statements by the Court. See Sentencing Tr. 98–99. This reliance on the Court's willingness to assume the government could prove its allegations does not relieve the government of its burden. Without more definite findings on this issue, we cannot permit the enhancement to stand. The case must be remanded to the District

Court for the opportunity to prove specific instances of the defendant's alleged perjury.

We call the District Court's attention to the following passage from a very recent Supreme Court opinion, *United States v. Dunnigan,* —— U.S. ——, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993):

> ... [A] district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out.... When doing so, it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding. The district court's determination that enhancement is required is sufficient, however, if ... the court makes a finding of an obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury.

See also, for recent guidance from this Court as to the kind of findings that need to be made, *United States v. Cox,* 985 F.2d 427, 430–32 (8th Cir.1993).

## IV.

On remand, we caution the District Court that the presentence report is not evidence. *Holt,* 969 F.2d at 688. The probation office listed several potential reasons for levying the two-point enhancement, but the defendant has challenged all of these. As a result, "the Court must either state that the challenged facts will not be taken into account at sentencing, or it must make a finding on the disputed issue." *Id.* In order to prove these facts, the government "must introduce evidence sufficient to convince the Court by a preponderance of the evidence that the fact in question exists." *Id.* In the present case, while the government was presented with opportunities to prove the alleged instances of perjury and the alleged concealment of a piece of evidence, it declined to do so, apparently because it felt the Court had already decided to levy the enhancement. On remand, the government is free to present evidence to

prove these facts. However, without more specific findings on the issue of perjury, the Court may not use this factor as a basis for enhancing the defendant's sentence.

The District Court's denial of a two-point reduction for acceptance of responsibility is affirmed. The District Court's granting of the two-level enhancement for obstruction of justice is reversed, and the cause is remanded to that Court with instructions to conduct a hearing on the issue of obstruction of justice, in a manner consistent with this opinion, and thereafter to resentence the defendant as appropriate.

It is so ordered.