998 F.2d 1019
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Jeffrey Thomas HOLT, Appellant.
 No. 92-3739.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1993.
Filed: July 12, 1993.
 
 Appeal from the United States District Court for the District of Minnesota.
 D.Minn.
 AFFIRMED.
 Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and FAGG, Circuit Judge.
 PER CURIAM.
 
 
 1
 Jeffrey Holt was convicted of conspiracy to distribute cocaine, aiding and abetting possession with intent to distribute cocaine, and continuing criminal enterprise (CCE). At sentencing, the district court gave Holt a two-level enhancement for obstruction of justice based on the presentence report, which indicated that Holt had threatened to do harm to government witnesses and had committed perjury at trial. On appeal, this court affirmed the convictions for aiding and abetting and conspiracy,[1] but vacated Holt's sentence because the trial judge had failed to specify the basis of Holt's obstruction-of-justice enhancement. United States v. Holt, 969 F.2d 685, 687-89 (8th Cir. 1992).
 
 
 2
 On remand, the government submitted a position pleading outlining two bases for the obstruction-of-justice enhancement. The first was Holt's perjury at trial, including his false testimony that (1) large sums of money received from Wing Huie were for repayment of a loan rather than for the purchase of cocaine; (2) the "transmission" he referred to on a secretly recorded telephone call was an automobile transmission and not a euphemism for a cocaine shipment; and (3) he had not been involved in cocaine dealing nor involved in drugs in any way since the early 1980s. The second basis was intimidation of witnesses. The government pointed to evidence at trial that Holt had hired someone to burn the garage and car of an individual who had testified against him at the grand jury. The government argued that an enhancement was appropriate on this basis even though Holt had been acquitted of the arson charge at trial.
 
 
 3
 On resentencing, the district court again imposed a two-level obstruction-of-justice enhancement, stating as bases the perjury and intimidation of witnesses described in the government's position pleading.
 
 
 4
 In this appeal, Holt again challenges the enhancement. He argues that in enhancing based on perjury, the district court "passively" adopted the government's position pleading, failing to conduct an evidentiary hearing and failing to make the "specific findings of particular false statements" we had ordered in Holt I. We disagree. The trial judge, based on his personal recollection of the trial, made a specific finding that the defendant had perjured himself at trial. He stated that he had "heard all of the evidence" and that it was "clear ... that there was perjury." He then cited as his factual findings the three instances of perjury noted by the government. We conclude that the district court complied with our original mandate and that it did not unlawfully apply the enhancement for obstruction of justice based on defendant's perjury at trial. See United States v. Willis, 940 F.2d 1136, 1140 (8th Cir. 1991), cert. denied, 113 S. Ct. 1411 (1993).[2]
 
 
 5
 Holt also argues that the district court improperly determined his base offense level. He challenges the drug quantities attributed to the conspiracy. However, he failed to raise this argument in his first appeal and may not now do so. See, e.g., United States v. Boyd, 958 F.2d 247, 249-50 (8th Cir. 1992) (defendant may raise issue in a second appeal where government was appellant in first appeal, such that second appeal was defendant's first opportunity to raise argument). Holt also challenges the district court's reimposing a four-level enhancement for being an organizer or leader pursuant to U.S.S.G. § 3B1.1(a). He contends that this court's vacating of the CCE conviction required the district court to reevaluate the applicability of the enhancement, because the enhancement was given in relation to the CCE conviction and not the conspiracy conviction. We disagree. This court previously rejected Holt's sufficiency of the evidence argument on the enhancement. See Holt I, 969 F.2d at 689 (dismissing argument as without merit). The fact that we vacated the CCE conviction due to double jeopardy concerns does not implicate any failure in the government's proof.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 On the original appeal the government conceded that a remand to the district court was necessary to vacate the CCE conviction assuming the conspiracy count was affirmed, on grounds of double jeopardy
 
 
 [2]
 Because the evidence of perjury supports the obstruction-of-justice enhancement, we do not reach the question of whether a sentencing court may enhance a defendant's sentence for obstruction of justice for conduct which formed the basis for a substantive charge of which the defendant was subsequently acquitted