**UNITED STATES of America, Appellee,**

v.

**Demetrius Andre RANSOM, Appellant.**

**No. 93–2476.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1993.

Decided Nov. 16, 1993.

Dale E. Adams, Little Rock, AR, argued, for appellant.

Michael D. Johnson, Asst. U.S. Atty., Little Rock, AR, argued, for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Demetrius Andre Ransom pleaded guilty to one count of conspiracy to commit mail and bank fraud in violation of 18 U.S.C. § 371 and was sentenced to twenty-seven months in prison based in part upon a two-level enhancement for obstruction of justice. Ransom appealed, and we remanded "with instructions to conduct a hearing on the issue of obstruction of justice ... and thereafter to resentence the defendant as appropriate." *United States v. Ransom,* 990 F.2d 1011,

1015 (8th Cir.1993). On remand, the district court[1] conducted an evidentiary hearing, concluded that Ransom had obstructed justice, and reimposed the twenty-seven month sentence. Ransom again appeals. We affirm.

Ransom was charged with "participation in a 'shadow-car scheme' [in which he] ... used two cars of similar make, model, and year (one of which was in poor condition) to con insurance companies and banks out of significant sums of money." 990 F.2d at 1012. One of the vehicles used in the scheme was a 1987 Mazda B2200 pickup truck. At the hearing on remand, Special Agent Gregory J. Gandalfo testified that, after Ransom testified before a grand jury, the truck was seen at the apartment complex where he lived but later was found hidden in a remote part of Faulkner County, Arkansas. Arkansas State Police Investigator Tom Craig testified that the truck was found abandoned on property owned by Ransom's father-in-law with its normal identification numbers removed, but Craig had been able to determine that the vehicle belonged to Ransom.

Based upon this testimony, the district court concluded that Ransom had obstructed justice by "conceal[ing] evidence that is material to an official investigation or judicial proceeding." U.S.S.G. § 3C1.1, comment. (n. 3(d)). Our remand order expressly permitted the government to introduce evidence and the district court to make additional findings on that issue. *See* 990 F.2d at 1013 n. 1.

On appeal, Ransom argues that the district court erred because "there was no proof that [Ransom] hid this vehicle on his father-in-law's property." However, after careful review of the record, we conclude that the district court's finding in this regard was not clearly erroneous. Ransom further argues that enhancement for concealing the truck amounts to double counting under *United States v. Lamere,* 980 F.2d 506 (8th Cir. 1992), and *United States v. Werlinger,* 894 F.2d 1015 (8th Cir.1990), because such conduct "was part and parcel of this criminal

activity." We disagree. Ransom's insurance scam did not require him to abandon the higher value vehicle *after* fraudulently obtaining the insurance proceeds; the district court reasonably concluded that that was done to frustrate and obstruct investigation of the crime.

Having concluded that the district court properly assessed an obstruction-of-justice enhancement on the ground that Ransom concealed material evidence, we need not consider his remaining arguments on appeal. The judgment of the district court is affirmed.

---

**1.** The Honorable Susan Webber Wright, United States District Judge for the Eastern District of