101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Tolulope AKINROSOTU, a/k/a Tony Atkins, a/k/a Tolu Akinross,
a/k/a "Anthony B. Atkins," Defendant-Appellant.
 No. 96-1097.
 United States Court of Appeals,
Second Circuit.
 July 25, 1996.
 
 Steve Zissou, Bayside, New York, for Appellant.
 Ilene Jaroslaw, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 Tolulope Akinrosotu appeals from his conviction and sentence after a jury trial before Judge Seybert. Akinrosotu was convicted of conspiracy to import heroin in violation of 21 U.S.C. §§ 963 & 960(b)(1)(A), conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and three counts of importation of heroin in violation of 21 U.S.C. § 952(a). He was acquitted on the remaining twelve counts including one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C § 848. Judge Seybert imposed a sentence of 365 months in prison on the two conspiracy convictions and 240 months on the importation convictions, to be served concurrently, followed by concurrent five-year terms of supervised release, a $50,000 fine, and a $250 special assessment.
 On appeal Akinrosotu argues that: (i) the district court erred in admitting expert testimony regarding the street value of heroin during the time period in question; (ii) the district court erroneously imposed a two-level enhancement for obstruction of justice pursuant to Section 3C1.1 of the Sentencing Guidelines; (iii) the district court erroneously imposed a four-level enhancement for aggravating role in the offense pursuant to Section 3B1.1(a) of the Guidelines; and (iv) the district court failed to state adequately its reasons for imposing sentence at the highest point in the applicable Guideline range. We find all four claims to be without merit.
 The decision to admit expert testimony under Fed.R.Evid. 702 is left to the "broad discretion" of the district court and will be reversed only where "manifestly erroneous." United States v. Nersesian, 824 F.2d 1294, 1308 (2d Cir.), cert. denied, 484 U.S. 958 (1987). At trial, Judge Seybert admitted the expert testimony of DEA Agent Douglas Collier who testified to the fair market value of heroin in New York City between 1991 and 1993 and explained the various factors, including the source country, which determine the price on the street. Akinrosotu argues that this testimony was irrelevant and prejudicial. We disagree. Such testimony was relevant to the continuing criminal enterprise charge (on which Akinrosotu was ultimately acquitted), which requires proof that the defendant obtained substantial income or resources from the criminal activity. 21 U.S.C. § 848(b)(2)(B). The testimony regarding the value of certain quantities of heroin during the relevant time-frame was also relevant to proving that the drugs in this case were intended for distribution. Finally, the testimony helped to explain how Akinrosotu was able to finance the couriers' trips abroad. Because "[t]estimony about the weight, purity, ... and prices [of narcotics] clearly relates to knowledge beyond the ken of the average juror," United States v. Tapia-Ortiz, 23 F.3d 738, 741 (2d Cir.), cert. denied, 115 S.Ct. 206 (1994), the court properly allowed the expert testimony. See Fed.R.Evid. 702 (where "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert ... may testify thereto."). The admission of Agent Collier's testimony on these subjects was therefore not "manifestly erroneous."
 Akinrosotu next objects to the district court's imposition of a two-level enhancement for obstruction of justice. Section 3C1.1 of the Sentencing Guidelines provides for a two-level enhancement where a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice." Perjury and the providing of "materially false information to a judge" are among the types of conduct which constitute obstruction of justice under the Guidelines. U.S.S.G. § 3C1.1 comment (n. 3(b), (f)); see also United States v. Dunnigan, 507 U.S. 87, 94 (1993). Here Judge Seybert found that Akinrosotu testified falsely during a pre-trial suppression hearing before Judge Nickerson at which Akinrosotu's testimony was material to the issue of whether he had abandoned the apartment searched by the police. After reviewing the hearing transcript, Judge Seybert found that Akinrosotu's testimony that he never intended to abandon the apartment was contradicted by evidence that there was nothing left in the apartment, that he had not paid his rent in months, and that he had set up a new apartment elsewhere. Moreover, surveillance agents who observed Akinrosotu upon his return to the United States flatly contradicted Akinrosotu's testimony that upon landing at JFK he went directly home to the apartment. Based on this evidence Judge Seybert explicitly found that "there was absolutely false material testimony given by this defendant ... with a desire to prevent this evidence from coming into evidence."
 In addition, Judge Seybert found that Akinrosotu's testimony regarding the circumstances of his arrest were "preposterous" and read "like a fairy tale." Because, after reviewing the suppression hearing transcript, Judge Seybert explicitly found that Akinrosotu lied on the stand, we affirm the district court's imposition of the two-level obstruction of justice enhancement. Cf. United States v. Cunavelis, 969 F.2d 1419, 1423 (2d Cir.1992) (district court must make a particularized finding of perjury and may not apply Section 3C1.1 automatically on basis of court's earlier determination during suppression hearing that defendant's statements were not credible); United States v. Ransom, 990 F.2d 1011, 1013-14 (8th Cir.1993) (district court may not base obstruction of justice enhancement on defendant's alleged lies before the grand jury where sentencing court never read the grand jury transcripts).
 
 
 1
 Akinrosotu's claim that the district court erroneously granted a four-level enhancement for aggravating role in the offense pursuant to U.S.S.G. § 3B1.1 is utterly without merit. Several of the heroin couriers testified at trial that Akinrosotu arranged their rather complicated itineraries, paid for plane tickets to Thailand, arranged for passports, supplied travel money, designated meeting times and places, met the couriers upon their return to the United States or in other foreign countries, took possession of the heroin filled suitcases from the couriers, and paid the couriers' fees. The conspiracy to import heroin involved a wide membership and was extensive in both duration and volume. Akinrosotu's reliance on his acquittal on the continuing enterprise charge to negate this overwhelming evidence of his organizational role in the offense is misplaced. It is well settled that in imposing sentence a district court may consider conduct that was the subject of an acquittal. See United States v. Concepcion, 983 F.2d 369, 387-88 (2d Cir.1992), cert. denied sub. nom., Frias v. United States, 114 S.Ct. 163 (1993). Indeed, we have held that the determination of a defendant's role in the offense must be made on the basis of all the relevant conduct within the scope of U.S.S.G. § 1B1.3, not solely on the basis of the elements and acts cited in the counts of conviction. United States v. Perdomo, 927 F.2d 111, 116-17 (2d Cir.1991).
 
 
 2
 Finally, we note that Akinrosotu's contention that the district court based the four-level enhancement on insufficiently precise findings is baseless.
 
 
 3
 We likewise find Akinrosotu's contention that Judge Seybert failed to explain adequately her reasons for imposing sentence at the high end of the Guideline range to be without merit. Judge Seybert gave several eminently plausible reasons for her decision, including the scope of the activities, the nature of the harm, the purity of the heroin, and Akinrotsu's role in the narcotics scheme as well as his role in encouraging people to help him launder the proceeds of the operation. Such findings are more than adequate. See United States v. Lopez, 937 F.2d 716, 728-29 (2d Cir.1991) (mere statement that court would take defendant's attempt to mislead the probation department into account in selecting sentence within specified range sufficient to satisfy requirement that the sentencing court explain its reasons).
 
 
 4
 We therefore affirm.