# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1720

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　　*　District Court for the District
　　　　　　　　　　　　　　　　　　　*　of Minnesota.
Richard C. Gravatt,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　　　　 *

_____

Submitted:　February 12, 2002

Filed:　February 20, 2002

_____

Before McMILLIAN, FAGG, and RILEY, Circuit Judges.

_____

FAGG, Circuit Judge.

Richard C. Gravatt and five others were charged in an eighty-nine count indictment with conspiracy, wire fraud, mail fraud, money laundering, and conducting a continuing financial crime enterprise. The charges arose from their operation of a Treasury bill-leasing "ponzi" scheme promising no risk and returns of 2000%, through a corporation called K-7. Investors in the scheme lost over $11 million. All the defendants except for Gravatt and K-7's attorney, Louis Oberhauser, pleaded

guilty.  The district court[*] denied Gravatt's motions for severance.  At a joint trial, Gravatt, who did not testify, was convicted on 68 counts and sentenced to 262 months in prison.  Oberhauser testified and the jury acquitted him of 64 of 66 counts, but convicted him on two counts of money laundering.

Gravatt appeals his conviction asserting the district court abused its discretion in declining to sever his case.  Federal Rule of Criminal Procedure 8(b) permits joinder of defendants "if they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses."  Rule 8(b) is construed liberally.  United States v. Jones, 880 F.2d 55, 62 (8th Cir. 1989).  Under Rule 14, the district court may sever defendants if it appears a party is prejudiced by joinder for trial.  Here, Gravatt was charged in the same conspiracy as his codefendants and was alleged to have engaged in some common activity involving all the defendants embracing the charged offenses.  Persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense.  Id. at 62-63.  Further, we will not reverse a district court's refusal to grant a severance absent a showing of "real prejudice," which is more than a showing a separate trial would have improved the likelihood of acquittal.  Id. at 63.

Gravatt contends the joint trial prejudiced him because Oberhauser suggested that Gravatt was a criminal and that he would have testified if he were innocent. Gravatt points out that Oberhauser testified, "I look forward to having clients, but I don't want to have clients that are engaged in a form of criminal activity." Oberhauser also argued he should not be viewed as a criminal simply because he accepted K-7 as his client, and "had the courage to take the stand and to look all of you in the eye and tell you that he is not a crook."  We conclude Gravatt has not carried his heavy

---

[*]The Honorable Donovan Frank, United States District Judge for the District of Minnesota.

burden to show prejudice. Oberhauser's defense was not irreconcilable with Gravatt's. Id. "The mere fact that . . . one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." Id. Further, Oberhauser's statements were subject to cross-examination and do not implicate Gravatt, but merely bolster Oberhauser's defense. Finally, the fact that the jury acquitted both Gravatt and Oberhauser on separate counts is strong evidence that joinder was not prejudicial. Id.

Gravatt next contends the district court should have granted his motion for judgment of acquittal based on the insufficiency of the evidence to support his convictions. Specifically, Gravatt asserts the Government failed to prove he knew the Treasury bill leasing program was fraudulent. Viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences, a reasonable jury could find this element of the offenses beyond a reasonable doubt. United States v. Ervasti, 201 F.3d 1029, 1036 (8th Cir. 2000). Because the necessary result of the scheme was to injure others, the jury could infer fraudulent intent from the scheme itself. Id. at 1037. Gravatt's conduct and the nature of the scheme provide circumstantial evidence of fraudulent intent. Id.

Gravatt also appeals his sentence asserting the district court erroneously increased his offense level by four points for being an organizer or leader of criminal activity involving five or more participants. U.S.S.G. § 3B1.1(a). We disagree. The district court adopted the findings in the presentence report, which stated Gravatt was responsible for at least ten different individuals who helped further the fraud scheme. The evidence at trial showed Gravatt was the "guru" of the Treasury bill leasing program and pulled all the parties together. Besides, Gravatt's conviction under the continuing financial crimes enterprise, 18 U.S.C. § 225, required proof beyond a reasonable doubt that he managed, supervised, or organized at least four other people. See United States v. Holt, 969 F.2d 685, 687 (8th Cir. 1992). Thus, the district court did not commit clear error in finding Gravatt was an organizer or leader of criminal

activity involving five or more participants, including himself.   United States v. Harry, 960 F.2d 51, 53 (8th Cir. 1992) (defendant counts as a participant under U.S.S.G. § 3B1.1).

We thus affirm Gravatt's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.